UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Broadhead, LLC,                                    Case No. 23-cv-2314 (WMW/DLM)

                              Plaintiff,

                                                       **ORDER DENYING**
            v.                                      **PLAINTIFF'S MOTION**
                                                        **TO REMAND**
AXIS Insurance Company,

                              Defendant.

---

Before the Court is the motion to remand filed by Plaintiff Broadhead, LLC.   For

the reasons addressed below, the Court denies Plaintiff's motion to remand.

## BACKGROUND

Broadhead, LLC ("Broadhead") is a limited liability corporation that operates an

advertising and marketing agency.  Broadhead is incorporated and has its headquarters in

Minneapolis, Minnesota, and its LLC members are Minnesota residents.  Defendant AXIS

Insurance Company ("AXIS") is an insurance company that is incorporated in Illinois and

has its principal place of business in Georgia.

Broadhead was insured by AXIS under a one-year insurance policy agreement,

effective June 25, 2022.  The policy contains several provisions, including a policy that

requires AXIS to indemnify Broadhead or pay damages that Broadhead becomes legally

obligated to pay because of claims that it "incurred in connection with any Third-Party

Claims which arise out of, relate to, or result from any alleged or actual infringement of a

third party's patents, copyrights, mask work rights, trade secret rights, trademarks, trade

dress rights, or any other proprietary rights by the indemnifying Party or its employees, agents, or subcontractors." (Dkt. 1-2 ¶ 16).  On March 7, 2023, Broadhead notified AXIS of an infringement claim against Broadhead, asserting that the claim fell under the above policy.  On April 4, 2023, Broadhead settled the infringement claim.  AXIS denied coverage over the settlement on April 19, 2023.

On June 8, 2023, Broadhead commenced this action against AXIS in Hennepin County District Court, Fourth Judicial District, by attempting to serve AXIS pursuant to Minnesota statute section 60A.19.  As part of serving process, Broadhead mailed a notice of the service to AXIS's registered agent's last known address provided to the Minnesota Department of Commerce.  Broadhead later learned that AXIS failed to notify the Department of Commerce that its registered agent's address had changed.  On June 28, 2023, Broadhead filed a declaration of compliance with the Hennepin County District Court.

AXIS removed this case to the United States District Court for the District of Minnesota on August 4, 2023.  Shortly thereafter, Broadhead moved to remand this case to Hennepin County District Court, arguing that AXIS's removal was untimely.  AXIS opposes the motion.

## ANALYSIS

Broadhead makes the following two arguments in support of its motion to remand. First, AXIS's removal was untimely because AXIS removed this case to federal court more than 30 days after the statutory deadline for removal.  Second, and in the alternative, if this Court finds removal to be timely, AXIS should be equitably estopped from arguing that its

removal was timely because AXIS failed to provide its registered agent's correct address to the Minnesota Department of Commerce.

I.     **Timely Removal**

Broadhead argues that AXIS's removal was untimely because AXIS removed this case to federal court more than 30 days after the statutory deadline.  AXIS counters that removal was timely because AXIS was not served until AXIS—not the Commissioner of Commerce—received the summons and complaint.  AXIS also contends that, although Broadhead attempted to provide notice by certified mail on June 8, 2023, AXIS did not receive notice until July 28, 2023.  AXIS did not receive notice earlier because, unknown to Broadhead, the summons and complaint were returned to the sender due to Broadhead having an incorrect address for AXIS's registered agent.  In fact, both AXIS and Broadhead were not aware that AXIS's registered agent's address had changed in 2015.  Therefore, AXIS argues, the removal deadline commenced on July 28, 2023, the date they received notice.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  This 30-day removal deadline is a mandatory, jurisdictional requirement. *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013).  Any doubt about whether removal is proper is resolved in favor of remand to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

3

The validity of service effected prior to removal is governed by state law. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003). Under Minnesota law, service of process on foreign companies must be made by: "leaving a copy of the process in the office of the commissioner, or by sending a copy of the process to the commissioner by certified mail, and is not effective unless: (1) the plaintiff, who may be the commissioner in an action or proceeding instituted by the commissioner, sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address; and (2) the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows." Minn. Stat. §§ 45.028, subd. 2, 60A. 19, subd. 4.[1]

The Commissioner's status as either a statutory agent or registered agent is imperative to determine whether AXIS had notice. *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980) (finding the distinction between registered agent and statutory agent to be legally significant); *RedWind Renewables, LLC v. Terna Energy USA Holding Corp.*, No. 21-cv-1580 (WMW/DTS), 2021 WL 5769308, at *2 (D. Minn. Dec. 6, 2021) (same). Service upon a statutory agent does not provide notice. *RedWind*, 2021 WL 5769308, at *2. Service upon a registered agent does provide notice. *Id.*

It is undisputed that Broadhead sent a copy of the process to the Commissioner of Commerce ("Commissioner") in accordance with Minnesota statute section 45.028. And Broadhead does not dispute that the Commissioner is a statutory agent. However, citing

---

[1] The Minnesota Commissioner of Commerce is the statutory agent assigned to receive service of process. Minn. Stat. § 45.028, subd. 2.

no authority, Broadhead argues that the Commissioner plays a dual role as AXIS's registered agent.[2]   Broadhead contends that the unique features of the Minnesota statute create this dual role; the statute is unique because it does not merely assign the Commissioner as AXIS's statutory agent, but it requires AXIS to affirmatively file a "'duly executed instrument' appointing the commissioner 'its true and lawful attorney, upon whom . . . summonses and all lawful processes in any action or legal proceeding it may be served.'"   (Dkt. 21 at 3.)   Again, Broadhead cites no binding authority to support this proposition.   Instead, Broadhead cites *Ross v. Scottsdale Ins. Co.*, No 4:10-cv-1499 (DDN), 2010 WL 4810211, at *2 (E.D. Mo. Nov. 19, 2010).[3]   Broadhead's reliance on *Ross* is misplaced.   In *Ross*, the court cited Missouri law interpreting the Missouri statute at issue and found the director in *that* state statute to be equivalent to a registered agent for service of process purposes.   *Id.*   at *2 (citing *Strong v. Am. States Preferred Ins. Co.*, 66 S.W.3d 104 (Mo. Ct. App. 2001)).   There is no Minnesota law designating the Commissioner as a

---

[2] Broadhead argues that the Commissioner's status as a statutory agent or registered agent is not foreclosed by *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980), because *Percell's* could not overrule another district court.   Nonetheless, this Court has previously adopted the reasoning in *Benson v. Bradley*, 223 F. Supp. 669 (D. Minn. 1963).   *See RedWind Renewables, LLC v. Terna Energy USA Holding Corp.*, No. 21-cv-1580 (WMW/DTS), 2021 WL 5769308, at *2 (D. Minn. Dec. 6, 2021).   Additionally, Broadhead relies on *Helgeson v. Barz*, 89 F. Supp. 429, 432 (D. Minn. 1950), and three 1950s cases from outside of this District, to support its argument that the case law is "split." However, since 1963, this District has consistently applied the logic from *Benson*, 223 F. Supp. 669. *See Percell's*, 493 F. Supp. at 156; *RedWind*, 2021 WL 5769308 at *2.

[3] Broadhead also relies on *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237 (D. Kan. 2002).   But, as AXIS correctly noted in its opposition, *Ortiz* and *Ross* have been described as outlier cases.   Additionally, as addressed in footnote 2, this Court has previously endorsed *Percell*'s reasoning, which is counter to the reasoning of both *Ross* and *Ortiz.*

registered agent here.  Moreover, AXIS has an assigned registered agent, which is not the commissioner.

Because the Commissioner is a statutory agent, service did not occur on June 8, 2023, when the Commissioner was served process.  Service was complete on July 28, 2023, when AXIS received process.  Therefore, removal was timely.

## II.     Equitable Estoppel

Broadhead argues that if this Court finds that AXIS did not receive notice on June 8, 2023, AXIS should be equitably estopped from arguing that the removal was timely because AXIS failed to provide the correct address of its registered agent to the Minnesota Department of Commerce.

Broadhead cites two non-binding cases in support of its argument.  And AXIS cites Eighth Circuit precedent that does not address equitable estoppel as it is applied to timely removal.  Instead, the cases pertain to the application to the statute of limitations defense.

Broadhead contends that equitable estoppel is proper because AXIS failed to update its registered agent's address.  Broadhead cites two cases in support of this argument: *Cotter v. Milly LLC*, No.  09-cv-4639 (PGG), 2010 WL 286614 (S.D.N.Y. Jan. 22, 2010), and *Clark v. Wenger*, No. 1:14-cv-0002 (TBR), 2014 WL 4742989 (W.D. Ky. Sept. 23, 2014).  Neither case is binding on this Court, but both address equitable estoppel as applied in timely removal cases.  The *Cotter* court held that the party contending that its removal was timely was equitably estopped because "the late notice to [the party] was caused by its own failure to maintain an accurate address at the Secretary of State's office."  *Cotter*, 2010 WL 286614, at *6.  Equitable estoppel was found to be appropriate in *Clark* because the

6

party asserting timely removal had refused process previously and then denied having received the documents.[4]  *Clark*, 2014 WL 4742989, at *5.  Although *Cotter* and *Clark* analyze equitable estoppel in removal cases, Broadhead's invitation for this Court to adopt the reasoning of these cases is unavailing because *Cotter* and *Clark* are not binding authority and their reasoning is based solely on dicta from another district court case and the sentiment that parties should not benefit from their negligent conduct in failing to update their address with the Secretary of State.  *Cotter*, 2010 WL 286614, at *5; *see also Clark*, 2014 WL 4742989, at *5 (reasoning stemming from *Cotter*) (citing *Ashford v. Bollman Hat Co.*, 2011 WL 127153, at *3 (E.D. Ky. Jan. 14, 2011) (citing *Cotter*, 2010 WL 286614, at *5)).  This circuit's case law regarding equitable estoppel has not established such a harsh conclusion, and this Court declines to adopt one here.

AXIS argues that equitable estoppel is not appropriate and urges this Court to adopt the Eighth Circuit's reasoning in cases addressing equitable estoppel as it applies to the statute of limitations defense.  Equitable relief generally should be used sparingly in statute of limitation cases.  *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018).  Additionally, a party must show affirmative or willful misconduct to estop another party from using the statute of limitations defense.  *Kriegesmann v. Barry-Wehmiller Co.*, 739 F.2d 357, 359 (8th Cir. 1984) (requiring malfeasance on behalf of the party asserting

---

[4] Although the party in *Clark* engaged in malfeasant conduct to avoid process, the court specifically concluded that nonfeasance was sufficient.  *Clark*, 2014 WL 4742989, at *5 (citing *Ashford v. Bollman Hat Co.*, No. CIV.A. 10-192-JBC, 2011 WL 127153, at *1 (E.D. Ky. Jan. 14, 2011)).

equitable estoppel).  This argument is unavailing as AXIS lacks legal support to extend the court's logic in statute of limitation cases to removal cases.

Although there is no Eighth Circuit precedent applying equitable estoppel in timely removal cases, the doctrine of equitable estoppel "requires proof of words or deeds (or sometimes omissions to speak or act) that create a misleading impression upon which a reasonable person would rely." *Lincoln Gen. Hosp. v. Blue Cross/Blue Shield of Nebraska*, 963 F.2d 1136, 1141 (8th Cir. 1992) (citing *Dyna–Tel, Inc. v. Lakewood Engineering & Mfg. Co.*, 946 F.2d 539, 543 (7th Cir. 1991)); *see also Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 737 (8th Cir. 1987) ("Equitable estoppel precludes a party from denying previously asserted facts if the injured party relies upon that information.").

In *Lincoln*, the Lincoln General Hospital ("Hospital") argued that Blue Cross was equitably estopped from denying an individual's coverage. *Lincoln*, 963 F.2d at 1141.  The Hospital argued that equitable estoppel should apply because when the Hospital spoke with Blue Cross to determine whether an individual had coverage, Blue Cross answered affirmatively despite its knowledge that the coverage was in jeopardy because of overdue premiums.  *Id.*  The Hospital described this affirmative answer by Blue Cross to be a "fatal misrepresentation on which [the Hospital] relied to its detriment."  *Id.*  After engaging in a fact-intensive analysis, the court ruled in favor of Blue Cross.  The court determined that there was no actual misstatement of fact. There was no misstatement, the court reasoned, because the Hospital could have inquired specifically about the status of the individual's premiums but did not do so, there were no facts alleging that the Blue Cross employee had

personal knowledge of the premium status, and the premium information was later sent, despite the Hospital's inability to review the premium information. *Id.*

Here, there was no misstatement of fact. Broadhead does not allege that AXIS acted intentionally by providing an incorrect address. Instead, Broadhead alleges that AXIS failed to update its registered agent's address. Additionally, other than sending the process to the incorrect address, Broadhead does not allege any other reliance on any representation made by AXIS. And "a notice was filed on the state court docket indicating the mailing to AXIS was returned," (Dkt. 19 at 16), therefore, any reliance by Broadhead was quickly mitigated.

Because there was no misstatement of fact, there are no allegations that AXIS acted intentionally, and Broadhead's only reliance was merely mailing service of process to an incorrect address, AXIS is not equitably estopped from removing the matter.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT**

**IS HEREBY ORDERED:**

Plaintiff Broadhead's motion to remand, (Dkt. 11), is **DENIED.**


Dated:  January 10, 2024                    　s/ Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge